IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CHARLES RAY HALL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:15-CV-0302 |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION
TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS**

Came for consideration the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner CHARLES RAY HALL. By his habeas application, petitioner challenges two (2) February 2007 convictions out of the 320th Judicial District Court of Potter County, Texas, for the offenses of unlawful possession of a firearm by a felon and possession of a prohibited weapon, and the 60-year sentences assessed for each conviction. *See State v. Hall*, No. 54,218-D and 54,219-D.

I.
BACKGROUND

On October 12, 2006, petitioner was charged by indictment with the third degree felony offense of unlawful possession of a firearm by a felon, in violation of Texas Penal Code § 46.04(a), said offense alleged to have been committed on August 19, 2006. Cause No. 54,218-D. On that

same date, petitioner was charged by indictment with the third degree felony offense of possession of a prohibited weapon, *to wit*: a short barreled firearm, in violation of Texas Penal Code § 46.05(a)(3), said offense alleged to have been committed on August 19, 2006. Cause No. 54,219-D. On February 6, 2007, a jury found petitioner guilty of the charged offenses.[1] On that same date, petitioner pled true to the enhancement paragraphs of the indictments alleging prior final felony convictions for purposes of increasing the range of possible punishment to 25-99 years imprisonment. The jury found the enhancements to be true based on petitioner's plea and sentenced petitioner to a 60-year term of imprisonment for each offense. Said sentences are running concurrently.

Petitioner directly appealed his convictions and sentences to the Court of Appeals for the Seventh District of Texas who affirmed both judgments on October 23, 2007. *Hall v. State*, Nos. 07-07-0149-CR & 07-07-0150-CR. The Texas Court of Criminal Appeals denied petitioner's petitions for discretionary review of the intermediate appellate court's decisions on March 12, 2008. *In re Hall*, Nos. PD-1808-07 & PD-1809-07.

On August 27, 2014, petitioner presumably delivered petitions for state writs of habeas corpus challenging his convictions and sentences to the prison authorities for mailing. Such petitions were received by the state district court on September 9, 2014. On November 5, 2014, the Texas Court of Criminal Appeals denied petitioner's state habeas applications without written order. *In re Hall*, Nos. 82,313-01 & 82,313-02. On November 7, 2014, petitioner received two separate notices of the court's rulings. Almost ten (10) months later, on September 29, 2015, petitioner

---

[1] Although the Judgments in both cases show the date of the Judgment to be February 5, 2007, they also show sentence was imposed February 6, 2007. The Docket Sheets in both cases also show the jury returned guilty verdicts and that petitioner was sentenced on February 6, 2007.

drafted objections to the Texas Court of Criminal Appeals denying his applications without a detailed written order specifying the reasons for the denials, such objections being received by the court on October 5, 2015.  No action was taken by the court.

On October 1, 2015, petitioner placed the instant petition for a federal writ of habeas corpus in the prison mailing system, such petition being received and filed of record on October 7, 2015. On November 24, 2015, respondent filed a preliminary response arguing petitioner's application for a federal writ of habeas corpus is time barred.  As of this date, petitioner has not filed a reply opposing respondent's preliminary response.

## II.
## PETITIONER'S ALLEGATIONS

Petitioner contends he is being held in violation of the Constitution and laws of the United States because:

1. The indictments in Cause Nos. 54,218-D and 54,219-D were defective; and

2. Petitioner's prosecution for both charges violated double jeopardy.

## III.
## TIME BAR

Although it appears petitioner's 2007 convictions "became final over one year" before he filed of his federal habeas petition, petitioner did not attempt to "explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar [his] petition" as instructed by Question 26 on page 9 of the habeas corpus petition form.

In his November 24, 2015 preliminary response, respondent appears to have fully and accurately set forth relevant dates in these cases and analyzed the timeliness of petitioner's federal habeas application.  Respondent argues petitioner has not shown entitlement to equitable tolling of

the limitation period, and asserts the case is barred by the statute of limitations in federal habeas corpus cases.

Based on the record, the undersigned makes the following findings:

1. Petitioner was sentenced in both case numbers on **February 6, 2007**;

2. Petitioner timely filed direct appeals of his convictions and sentences. The state intermediate appellate court affirmed petitioner's convictions and sentences on October 23, 2007. Petitioner timely sought discretionary review of the intermediate court's decisions, such review being denied by the Texas Court of Criminal Appeals on March 12, 2008. Petitioner did not seek review of that court's ruling through a petition for certiorari with the United States Supreme Court. Therefore, petitioner's convictions became final on **June 10, 2008**, when the 90-day period to file a petition for certiorari expired.

3. Petitioner's federal habeas corpus petition was thus due on or before **June 10, 2009**, one (1) year from the date the judgment became final, unless statutory or equitable tolling applies.

4. Petitioner's state habeas applications, filed **August 27, 2014**, were filed <u>after</u> the expiration of the federal limitation period and did not statutorily toll the statute of limitations.

5. Petitioner has not shown he was actively misled by the State, or that he diligently pursued federal habeas corpus relief. Petitioner has not demonstrated he is entitled to equitable tolling of the limitation period.

6. Petitioner's claims do not concern a constitutional right recognized by the United States Supreme Court within the last year and made retroactive to cases on collateral review.

7. The record does not reflect any unconstitutional "State action" impeded petitioner from filing for federal habeas corpus relief prior to the end of the limitation period.

8. Petitioner's claims are not of such a nature that petitioner was unable to exercise due diligence and discover the claims at an earlier date.

9. Petitioner's federal habeas corpus application, treated as filed on **October 1, 2015** when it was placed in the prison mailing system, was filed after the expiration of the federal statute of limitations and is time barred.

10. Petitioner has not asserted he is actually innocent of committing the offenses of which he was convicted, nor has he demonstrated actual innocence, as a basis for overcoming the federal limitations bar.

Therefore, for the reasons set forth by respondent in his Preliminary Response filed November 24, 2015 [Document #9] and based on the findings set out above, it is the opinion of the undersigned that petitioner's application for a federal writ of habeas corpus is time-barred.

IV.
RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner CHARLES RAY HALL be DISMISSED as time-barred.

V.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this   17th   day of December 2015.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

* **NOTICE OF RIGHT TO OBJECT** *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is

fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).